## ARLINGTON & FAIRFAX AUTO R. CO. v. CAPITAL TRANSIT CO. et al.

### No. 7357.

United States Court of Appeals for the District of Columbia.
Argued May 10, 1939.
Decided Sept. 18, 1939.

Edmund D. Campbell, Stuart T. Saunders, and F. K. Lane, all of Washington, D. C., for appellant.

Elwood H. Seal, Corp. Counsel, Vernon E. West, Principal Asst. Corp. Counsel, Lloyd B. Harrison, Sp. Asst. Corp. Counsel, and G. Thomas Dunlop and S. R. Bowen, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

PER CURIAM.

This was an appeal from a judgment enjoining appellant railroad company from inaugurating passenger service into the District of Columbia. In our 1938 term the identical controversy was before us in United States ex rel. Arlington & F. Auto R. Co. v. Elgen, 68 App.D.C. 392, 98 F.2d 264. We then affirmed a decision of the District Court denying a writ of mandamus to compel the Public Utilities Commission of the District of Columbia to designate a route for the company's proposed operations. Thereafter appellant obtained from the Interstate Commerce Commission a ruling that the projected service was not an extension of its line of railroad so as to require a certificate of convenience and necessity under Sec. 1(18) of the Interstate Commerce Act.[1] Assuming, in view of this, that the service would be "pick-up and delivery" for which no certificate is required,[2] appellant again requested the Public Utilities Commission to designate a route over which the vehicles might operate. That Commission entered an order fixing a route, but declined to pass upon the right of appellant to operate without a certificate issued under Part II of the Commerce Act.[3] It did express the opinion that the Merger Act of January 14, 1933,[4] would make the operation of appellant's busses illegal. Nevertheless, appellant took steps to begin operation of the new service. In anticipation of this, Capital Transit Company brought suit in the District Court for an injunction. On final hearing, the District Court entered its judgment restraining appellant from operating its vehicles over the streets of Washington until it obtained from the Interstate Commerce Commission a certificate under Part II of the Interstate Commerce Act, known as the Motor Carrier Act of 1935, and a like certificate from the Public Utilities Commission of the District of Columbia under the Merger Act.

An appeal was taken, the case argued, and the opinion of this court prepared, but

---

[1] Under this section a carrier by railroad subject to the Act is required to obtain from the Commission a certificate of public convenience before undertaking "the extension of its line of railroad, or the construction of a new line of railroad." 49 U.S.C.A. § 1(18).

[2] American Trucking Ass'ns, Inc. v. United States, D.C., 17 F.Supp. 655.

[3] 49 U.S.C.A. § 301 et seq.

[4] The "Merger Act" was a joint resolution of Congress which consolidated the facilities of local passenger transportation companies under the control and ownership of a single corporation, and provided that in the future no competitive line should operate without first obtaining a certificate of necessity from the Public Utilities Commission. 47 Stat. 752, 760.

before its delivery appellant filed a motion asking us to dismiss its appeal on the ground that its financial condition is such that it is unable to continue in operation, and it has or is about to obtain consent to the abandonment of its operations. In the circumstances, it does not appear that any good purpose will be served by filing the opinion, and on appellant's application its appeal is dismissed, with prejudice and at its cost.

Appeal dismissed.